IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|                                        |   |                          |
|----------------------------------------|---|--------------------------|
|                                        | * |                          |
| ONEBEACON INSURANCE GROUP,             | * |                          |
| INC. f/k/a COMMERCIAL UNION            | * |                          |
| UNION INSURANCE COMPANY,               | * |                          |
| t/o/u and t/u/o GALE                   | * |                          |
| ASSOCIATES, INC.,                      | * |                          |
|           Plaintiffs                   | * |                          |
|                                        | * |                          |
|                                        | * |                          |
|                                        | * |                          |
| v.                                     | * | CIVIL NO.: WDQ-05-00053  |
|                                        | * |                          |
| NATIONAL FIRE INSURANCE                | * |                          |
| COMPANY OF HARTFORD,                   | * |                          |
|                                        | * |                          |
|           Defendant.                   | * |                          |

*    *    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION AND ORDER

In this diversity action, OneBeacon Insurance Group, Inc. ("OneBeacon")sued National Fire Insurance Company of Hartford ("National Fire")for alleged bad faith failure to settle a case within National Fire's primary insurance limits. Pending is National Fire's motion to dismiss for failure to state a claim.  For the following reasons, National Fire's motion to dismiss will be granted.

I.   BACKGROUND

National Fire, a Connecticut insurance company, sold an $1 million business liability risk insurance policy to Gale

Associates, Inc. ("Gale").   Complaint at ¶4.   OneBeacon, a Massachusetts insurance company, sold an excess umbrella policy to Gale.   *Id.* at ¶5.   The excess umbrella policy provided coverage in addition to the National Fire policy.   *Id.*   On December 19, 1997, A-1 Roofing Company ("A-1 Roofing") sued Gale for tortuous interference with contractual relations, interference with economic relationship, injurious falsehood and defamation.   *Id.* at ¶ 6.   Pursuant to the insurance policy, National Fire defended Gale in this action. *Id.* at ¶ 7.

Although National Fire had several opportunities to settle these claims within its $1 million policy, National Fire negligently failed to do so. *Id.*   On February 1, 2000, a jury found in favor of A-1 Roofing. *See* National Fire Reply Br. Ex. 1.   Pending appeal of the jury's verdict, the parties settled the action for $2,432,500.   *See id.*   National Fire paid $1 million of the settlement and OneBeacon paid the remainder. *Id.* at ¶14.

OneBeacon claims that National Fire failed to make a good faith effort to settle Gale's claims within its policy limit, therefore entitling OneBeacon to equitable subrogation. On July 2, 2004, OneBeacon filed this action.

## II. LEGAL DISCUSSION

A.      Motion to Dismiss

    1.   Standard of Review

A Fed.R.Civ.P. 12 (b)(6) motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), *(citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Raj Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). If any possible basis for relief has been pled, the Court must deny the motion to dismiss. *Garland v. St. Louis*, 596 F.2d 784 (8th Cir. 1979), *cert. denied*, 444 U.S. 899 (1979); *Swierkiewicz*, 534 U.S. at 514.

In deciding a Rule 12(b)(6) motion, the Court will consider the facts stated in the complaint and any attached documents. *Biospherics, Inc., v. Forbes, Inc.*, 989 F.Supp. 748, 749 (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998)). The Court may also consider documents referred to in the complaint and relied upon by plaintiff in bringing the action. *Id*.

3

2.   Claim  Barred By the Statute of Limitations

National Fire contends that OneBeacon's claim is barred by the statute of limitations and therefore should be dismissed. OneBeacon counters that the parties agreed to toll the statute of limitations and therefore its claim is timely.

A three-year statute of limitations governs Maryland tort claims.[1] *See* MD CODE ANN., CTS. & JUD. PROC. § 5-101 (2005). OneBeacon  failed to file this action within the three year limitations period.  OneBeacon, however, relies on two letters, addressed to National Fire and executed by OneBeacon's counsel, that purportedly tolled the statute.[2]  Although Maryland permits agreements tolling the statute of limitations, the letters submitted by OneBeacon are unenforceable.

To be legally enforceable, an agreement must sufficiently inform the parties of its terms and permit courts required to enforce it to determine the purpose and intention of the parties.  *Mogavero v. Silverstein*, 142 Md. App. 259, 273 (2002).  Here, the tolling letters lack an essential term--the

_____

[1]Under Maryland law, an action for bad faith refusal to settle within policy limits is a tort claim. *Mesmer v. Maryland Auto Ins. Fund*, 353 Md. 241 (1999).  Maryland law applies because the law of the forum state governs procedural matters such as statute of limitations.  *Sokolowski v. Flanzer*, 769 F.2d 975 (4th Cir. 1985).

[2]National Fire denies receipt of these letters.

4

expiration date.  The letters simply state  a desire  to toll the statute of limitations "in favor of settlement negotiations, and if necessary, arbitration or mediation".

By reading these letters, the Court cannot determine whether the parties contemplated an indefinite tolling of the limitations period or a defined period.  OneBeacon does not allege that subsequent oral or written representations reveal the parties' intent, rather it asserts that these letters are sufficiently detailed.  As OneBeacon has failed to allege in either its complaint or affidavit when the settlement negotiations ended, the Court cannot determine how long the limitations period was tolled and whether the complaint was filed within the requisite time.

As the agreements lack essential terms, and the Court cannot determine the parties' intent, the agreements are unenforceable.  *See Horsey v. Horsey*, 329 Md. 392, 420 (1993) ("courts cannot make a contract for the parties or supply missing terms," and "if a contract omits essential terms," it is "unenforceable")).  Accordingly, OneBeacon's claim will be dismissed as untimely.

CONCLUSION

For the reasons discussed above, National Fire's motion to dismiss will be granted.


<u>April 29, 2005</u>                    _____/s/_____
Date                              William D. Quarles, Jr.
                                  United States District Judge